Henderson, Judge.
 

 I concur with the judge of the Superior Court, that there should bejudgmentfor the defendant; for whatever may have been the construction of the statute of
 
 George,
 
 in relation to false pretences, (aud I think even that statute would not extend to this case,) our own statute under which this defendantis indicted, requires that
 
 *622
 
 the cheat should have been effected
 
 by
 
 means of some token, or some false contrivance. calculated to impose upon the credulity of ordinary men: for if a cheat practised by a jjare anrj naked lie was designed to be brought within the statute why insert in the specifications, false writings, tokens, &c. or why insert any specifications at all? The words “ any false pretence whatever,” must therefore mean, pretences of the like kind, something more than a naked lié. something of the same family with those specified. To read the statute otherwise, would be making the legislature insert the specifications for no purpose, or something more than no purpose, to wit, to puzzle and perplex.
 

 The general words were enacted from a consciousness of an inability to enumerate every device which the knavery and ingenuity of man might devise. All such as were of the kind enumerated were intended to he included, and none other. It is not good policy to call in the aid of the criminal law whenever a person has received an injury; one which common prudence might have guarded against.
 

 The Chief Justice and Judge Hair assented:
 

 So; by the Court, Judgment affirmed.